**UNITED STATES of America, Appellee,**

v.

**Andy SLABAUGH, Appellant.**

**No. 87–5122.**

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 26, 1988.

Decided Aug. 4, 1988.

Rehearing and Rehearing En Banc Denied Aug. 26, 1988.

As Amended Oct. 6, 1988.

Rehearing and Rehearing En Banc Denied Oct. 12, 1988.

Scott F. Tilsen, Asst. Federal Public Defender, Minneapolis, Minn., for appellant.

Jon Hopeman, Robert M. Small, Asst. U.S. Attys., Scott Buhler, Legal Intern, Minneapolis, Minn., for appellee.

Before BOWMAN, WOLLMAN and MAGILL, Circuit Judges.

MAGILL, Circuit Judge.

## I. BACKGROUND.

Andy Slabaugh, a member of the Amish faith, was indicted on one count of bribery of a public official, in violation of 18 U.S.C. § 201(b)(3). On the day of his initial appearance, Slabaugh was processed through the United States Marshal's Office. Pursuant to Chapter 7.2–9 of the United States Marshal's Service Manual, the marshal is required to photograph all persons who have been charged with federal felonies. Slabaugh did not wish to have his photograph taken, and sought an exemption to the regulation on the ground that it violated his First Amendment right to free exercise of religion. The Amish take a literal view of the Second Commandment, which prohibits the making of graven images. The marshal referred to a United States Magistrate the question of whether the photograph could be taken. The Magistrate passed the issue to the district court. The district court stayed the taking of Slabaugh's picture until an evidentiary hearing could be held. Before the hearing, Slabaugh pleaded guilty to the one-count indictment. The district court[1] sentenced Slabaugh to two years in prison, execution of which was suspended, three years of probation, forfeiture of the $500 bribe and a $50 fine. Slabaugh maintained his objection to the taking of his photograph on religious grounds. The district court then conducted an evidentiary hearing to consider Slabaugh's motion for exemption, and held, applying the balancing test set out in *Quaring v. Peterson*, 728 F.2d 1121 (8th Cir.1984), *aff'd sub nom. Jensen v. Quaring*, 472 U.S. 478, 105 S.Ct. 3492, 86 L.Ed.2d 383 (1985) (per curiam affirmance by an equally divided Court), that the government's compelling public safety interest in having a photograph exceeded Slabaugh's right to free exercise of religion. *Slabaugh*, 655 F.Supp. at 468.

## II. DISCUSSION.

Both parties cite *Quaring* to support their positions. In *Quaring*, this court struck down a Nebraska statutory requirement that applicants for a driver's license submit to having a photograph taken. We held that the photograph requirement unconstitutionally burdened the free exercise of her sincerely held religious beliefs.

Slabaugh argues that *Quaring* supports his position because it orders an exemption to a photograph requirement for an Amish person. He also argues that alternative means exist to protect the government's interests and that these alternatives would not intrude upon his First Amendment rights. Specifically, Slabaugh argues that his appearance is sufficiently unusual, in that he has one arm, as well as Amish dress andbeard, that a photograph would not be necessary to identify or apprehend him. The thrust of Slabaugh's argument is that the district court erroneously applied the *Quaring* balancing test in his case.

The government advances three interests in obtaining Slabaugh's photograph: (1) the photograph requirement protects the public safety by aiding law enforcement agencies in the identification and apprehension of fugitives; (2) a photograph is necessary for the proper supervision of individuals on probation; and (3) allowing individual exceptions based on religion would create an extreme administrative burden for the U.S. Marshal's Office and the courts.

The government asserts that these interests are compelling. *See Quaring; Wisconsin v. Yoder*, 406 U.S. 205, 92 S.Ct. 1526, 32 L.Ed.2d 15 (1972). We agree with the district court that at least the first and second interests asserted by the government rise to the level of compelling.[2] *See*

---

**1.** The Honorable Harry H. MacLaughlin, United States District Judge for the District of Minnesota. Judge MacLaughlin's opinion is published as *United States v. Slabaugh*, 655 F.Supp. 462 (D.Minn.1987).

**2.** We assume for purposes of argument, but without deciding, that the compelling interest test is the appropriate test in these circumstances.

*Slabaugh,* 655 F.Supp. at 468. Although Slabaugh's appearance is distinctive when he is compared with one who is not Amish, if Slabaugh were to surround himself with other Amish people, he would not stand out in the eye of a law enforcement official. A photograph of Slabaugh is the most effective solution to this problem, especially if it becomes necessary for people who are not acquainted with him personally to search for him. *See Slabaugh,* 655 F.Supp. at 466–67. We think the district court was correct in concluding that "there is a compelling public safety interest in having a photograph of defendant to aid in his identification and apprehension" should events require it. *Id.* at 467.

We note that because Slabaugh had been convicted by the time the district court ruled in this case, the court limited its decision to a holding that the government's interests were more compelling than the First Amendment rights of a convicted felon. The district court did not decide whether the government's interests would be more compelling than the First Amendment rights of a defendant whose case had not yet been adjudicated. We likewise limit our opinion, and leave that question for another day.

Because we agree with the district court that the government has satisfied the compelling interest test, we uphold the district court's determination that Slabaugh must submit to being photographed.